SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-1055

| | |
|---|---|
| JAMES COOPER | **Opinion Delivered** April 1, 2015 |
| APPELLANT | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. JV-2013-64] |
| V. | |
| | HONORABLE KEVIN KING, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## M. MICHAEL KINARD, Judge

This is an appeal from an order terminating the parental rights of appellant, James Cooper, to his seven–year–old son, D.C. Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief contains an abstract and addendum of the proceedings below, details all adverse rulings made at the termination hearing, and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to be relieved to appellant, informing him that he had the right to file pro se points for reversal under Rule 6-9(i)(3). Appellant filed a statement of points. The Arkansas Department of Human Services (DHS) then filed a response to appellant's pro se points.

The record shows that D.C. first came into the custody of DHS in April 2013 after it was discovered that appellant was using methamphetamine and that the then six-year-old child was often left at home alone. Over the next sixteen months, services were offered by DHS, but appellant only partially complied with the case plan. Appellant did not maintain stable employment. He did not attend drug rehabilitation, did not complete outpatient drug counseling, and continued to use illegal drugs; he failed eighteen drug screens, testing positive for drugs ranging from methamphetamine to opiates. Appellant also missed sixty-one of seventy-two scheduled visits with D.C. After the hearing, the trial court found by clear and convincing evidence that termination was in D.C.'s best interest. The court further found multiple statutory grounds for termination, including that D.C. had been adjudicated dependent-neglected and had remained outside the home for more than twelve months, and that, despite meaningful efforts by DHS to rehabilitate appellant, appellant had failed to remedy the conditions that caused the child's removal. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) (Supp. 2013).

Based on our review of the record and the briefs presented to us, we conclude that counsel has complied with the requirements set by the Arkansas Supreme Court for no-merit petitions in termination cases, and we hold that the appeal is wholly without merit.[1]

---

[1]Appellant's pro se points raise no issues of arguable merit; they all involve issues that either are adequately covered in his attorney's brief or are not preserved for appeal. To the extent that he relies upon his alleged improvements since the termination order, we note that post-termination progress is not a ground for reversal of an order terminating one's parental rights. *See Weaver v. Arkansas Department of Human Services*, 2012 Ark. App. 437.

Consequently, we grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

Affirmed; motion to withdraw granted.

ABRAMSON and VAUGHT, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency–Neglect Appellate Division, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor child.